1    UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF CALIFORNIA

3    William S. KACHELE, Jr.,                     Case No.:  25-cv-3458-AGS-MMP

4                               Plaintiff,        **ORDER DENYING MOTION FOR**
                                                  **TEMPORARY RESTRAINING**
5    v.                                           **ORDER (ECF 5)**

6    Jo EL-MAASRI, et al.,

7                               Defendants.

8

9        Self-represented plaintiff William Kachele, Jr., seeks a temporary restraining order

10   to enjoin defendants from (1) enforcing allegedly "invalid 30-day notices to vacate" and a

11   "rent return and proration letter," (2) pursuing any unlawful-detainer proceedings, and

12   (3) otherwise interfering with his occupancy of the rented premises for his dental practice.

13   (ECF 5, at 1; *see also* ECF 6, at 2.) He claims that his landlord and others "unilaterally

14   imposed [Building Owners and Managers Association] standards" by requiring a bathroom

15   addition that "inflat[ed]" the footprint of his dentist office from "1,548 sq. ft." to

16   "1,848 sq. ft.," causing a rent "overcharge" of "~$9,000 annual[ly]." (ECF 6, at 3.) Kachele

17   received a default notice notifying him that his landlord is terminating his month-to-month

18   21-year tenancy as of "January 15, 2026." (ECF 6-1, at 1.)

19       Emergency injunctive relief "is an extraordinary remedy never awarded as of right."

20   *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). Under the *Winter* test, plaintiffs

21   seeking such relief must establish that: (1) they are "likely to succeed on the merits,"

22   (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the

23   balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.*

24   at 20. Success on the merits "is the most important *Winter* factor." *Disney Enters. v.*

25   *VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up). Plaintiffs must typically

26   show a "likelihood"—or "probability"—of prevailing. *Coffman v. Queen of the Valley*

27   *Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018). But under the Ninth Circuit's "sliding scale"

28   approach, a plaintiff who merely raises "serious questions" about the merits is still entitled

1

1    to preliminary relief if the other elements are met and the balance of equities "tips sharply

2    in the plaintiff's favor." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd.*

3    *of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (en banc); *see also Washington v. Trump*, 847

4    F.3d 1151, 1159 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and

5    preliminary injunctions are substantially identical." (cleaned up)).

6         Kachele has not clearly shown that he is likely to prevail on the merits, nor even

7    raised serious questions on that score. Although he generally mentions § 1983 and the

8    Americans with Disabilities Act, neither statute on its face covers this landlord-tenant

9    dispute. Section 1983 requires, among other things, that any "alleged deprivation was

10   committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

11   40, 50 (1999). Yet plaintiff's passing references to state law—such as mentioning "joint

12   reliance on California's unlawful detainer statutes (Cal. Code Civ. Proc. §§ 1159-1179a)

13   and the City of San Marcos's Building Division permitting failures" (*see* ECF 6, at 2–3)—

14   don't come close to establishing that any misconduct here was under color of state law.

15        As for the Americans with Disabilities Act, plaintiff argues that the "non-permitted"

16   bathroom "expansion violates ADA Title III" because it has "no 60-inch turning space."

17   (ECF 6, at 3.) But again, it's unclear how that has anything to do with plaintiff's rights, as

18   he does not claim to have a disability or otherwise be covered by the ADA personally, and

19   he cannot sue to protect the rights of others. *See Arroyo v. Baseline Enter. LLC*, No. 20-

20   56151, 2022 WL 385530, at *1 (9th Cir. Feb. 8, 2022) (holding that "a claim under Title III

21   of the ADA" requires that plaintiffs prove, among other things, that they have a "disability

22   under the ADA" (cleaned up)).

23        With such a low probability of success on these federal claims, the Court is reluctant

24   to interfere in the normal state-court process of filing and opposing unlawful-detainer

25   actions. *See Razaghi v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 25-11403 FMO (MAR),

26   2025 WL 3438570, at *2 (C.D. Cal. Nov. 26, 2025) (noting that normally "district courts

27   may not interfere in or review state unlawful detainer proceedings").

28

1      And those are perhaps his most well-articulated causes of action. The remaining

2 claims also suffer from serious deficiencies. For example, most of the allegations are a

3 mixture of standard state claims and commercial disputes from non-diverse parties, along

4 with a handful of potential defenses raisable in an unlawful-detainer action. (*See, e.g.*,

5 ECF 6, at 7–9.) There is little in the record to suggest that this Court will even be able to

6 hear these non-diverse claims, much less that Kachele is likely to win them.

7      Thus, the pending motion for emergency injunctive relief is **DENIED**.

8 Dated:  January 7, 2026

9

10                                Hon. Andrew G. Schopler

                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25-cv-3458-AGS-MMP