UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

William S. KACHELE, Jr.,

Plaintiff,

v.

Jo EL-MAASRI, et al.,

Defendants.

Case No.:  25-cv-3458-AGS-MMP

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF 9)**

Self-represented plaintiff William Kachele, Jr., seeks reconsideration of this Court's prior order denying his request for a temporary restraining order. (*See* ECF 9, 12.) A motion to reconsider is appropriate only when a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Kachele offers none of these, so his motion is denied.

In the original order, this Court noted that "[s]ection 1983 requires, among other things, that any 'alleged deprivation was committed under color of state law.'" (ECF 7, at 2.) Since Kachele had only pleaded private actions from his landlords, it wasn't clear how he would prevail. Thus, the Court determined that his "likelihood of success on the merits"—a requirement of a temporary restraining order—was low. (*See id.*) In his reconsideration motion, he cites several cases for the proposition "that private parties act under color of state law when they invoke state judicial or enforcement procedures to deprive property interests." (*See* ECF 9, at 5.) But none of those authorities suggest that a landlord's threat to sue, without any accompanying state action, meets that standard. Instead, they require substantially more. For instance, in *Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983), the Ninth Circuit ruled that landlords may act "under color of state law" when those "landlords, *with police aid*, used self-help to evict" plaintiffs. *Id*. at 382 (emphasis added). The Court emphasized that the "color of state law" issue turned on how "significant" the police involvement was in the action. *Id*. at 382. The landlords in that case

1

acted under color of state law because they "repeatedly requested aid by the police to effect the eviction, and the police intervened at every step." *Id*. at 385. Similarly, in another case Kachele relies on—*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)—"a Clerk of the state court issued a writ of attachment [for certain property], which was then executed by the County Sheriff." *Id*. at 924. Both cases are far from our facts: The landlords here allegedly threatened to file an unlawful detainer, but no state actor has done anything yet. So, these authorities are not a basis for clear error in this Court's prior ruling.

Similarly, the Court questioned Kachele's Americans with Disabilities Act causes of action because "he does not claim to have a disability or otherwise be covered by the ADA personally, and he cannot sue to protect the rights of others." (ECF 7, at 2.) Kachele believes this Court "overlook[ed]" two cases—*Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023), and *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093 (9th Cir. 2017)[1]—which he reads "as Ninth Circuit authority establishing ADA standing for non-disabled plaintiffs alleging discrimination by association or operational harm to public accommodations." (ECF 9, at 2.) Neither case stands for that principle. In both cases, the individual plaintiffs had qualifying disabilities. *See Langer*, 57 F.4th at 1090 ("Chris Langer is a paraplegic man . . . [who] cannot walk, so he uses a wheelchair to get around and drives a van that deploys a ramp from the passenger side."); *CREEC*, 867 F.3d at 1097 ("Named Plaintiffs Ann Cupolo-Freeman, Ruthee Goldkorn, and Julie Reiskin . . . are physically disabled and use wheelchairs for mobility."). And the one organizational plaintiff in *CREEC* was dismissed from the case. *See CREEC*, 867 F.3d at 1097 n.2. At any rate, if Kachele is relying on organizational standing, he has not attempted to meet the many requirements for it. *See Food & Drug*

---

[1] Kachele cited the non-existent case of "Cupolo-Freeman v. Hospitality Props. Tr., 881 F.3d 1055 (9th Cir. 2018)" (*see* ECF 9, at 2), but this Court assumes he meant *CREEC*. In *CREEC*, one plaintiff is "Cupolo-Freeman" (though she is not named first), and the defendant is "Hospitality Properties Trust." *CREEC*, 867 F.3d at 1096–97.

25-cv-3458-AGS-MMP

*Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 393 (2024) (discussing organizational standing).

Finally, he offers purportedly "newly obtained evidence" in the form of two "Certified Access Specialist (CASp) reports" that he says were "not available with the original motion." (ECF 12, at 1–2.) But these reports do not address or alleviate any of the Court's concerns. While they provide evidence of alleged violations of the ADA and of related California regulations, neither report addresses whether Kachele can properly bring ADA claims nor cures the potential diversity-jurisdiction problems for his state claims. (*See generally* ECF 12-1, 12-2.) So, they offer no basis for reconsideration.

The pending reconsideration motion is **DENIED**.

Dated:  January 22, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

25-cv-3458-AGS-MMP