UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S. KACHELE, Jr.,<br><br>                              Plaintiff,<br><br>v.<br><br>JOE EL-MAASRI, et al.,<br><br>                              Defendants. | Case No.:  25-cv-3458-AGS-MMP<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>[ECF No. 15] |

On January 23, 2026, pro se Plaintiff William S. Kachele, Jr. ("Plaintiff") filed an ex parte motion seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prohibit "Defendant" from contacting Plaintiff's non-party employees regarding the instant matter. ECF No. 15 at 1–2. For the reasons stated below, the Court **DENIES** Plaintiff's ex parte motion.

I.      PROCEDURAL HISTORY

On December 8, 2025, Plaintiff filed a Complaint. ECF No. 1. On December 19, 2025, Plaintiff filed an Amended Complaint. ECF No. 3. On January 2, 2026, Plaintiff filed an ex parte motion for a Temporary Restraining Order ("TRO") and a Second Amended

Complaint ("SAC"). ECF Nos. 5, 6.[1] The SAC names seven defendants: Joe El-Maasri, 751 Rancheros Holdings LLC, Chucri Nabih El-Maasri, Firestone Builders, Inc., Vanguard Real Estate Services, City of San Marcos, and California Square Foot Studios. ECF No. 6. On January 26, 2026, Defendant City of San Marcos filed a motion to strike the SAC. ECF No. 16. No other defendant has appeared in the case.

On January 28, 2026, Plaintiff filed a Declaration of Service indicating the "Amended Complaint and Summons" had been been served on Defendants Square Foot Studios, 751 Rancheros Holdings LLC, Chucri Nabih El-Maasri, Firestone Builders, Inc., Vanguard Real Estate Services, and City of San Marcos, California. ECF. No. 18. No proof of service has been filed for Defendant Joe El-Maasi. Nor is it clear whether the SAC has been served.

### A.    Plaintiff's Motion for a TRO

Plaintiff's motion for a TRO sought to enjoin Defendants from (a) "enforcing the invalid 30-day notices to vacate" and  "the December 30, 2025 rent return and proration letter," (b) "initiating or pursuing any unlawful detainer proceedings[,]" and (c) otherwise interfering with Plaintiff's occupancy . . .  pending resolution of this action." ECF No. 5 at 1. Plaintiff provided the following factual summary: "Plaintiff has occupied Suite 3 for 21 years under a month-to-month tenancy (Cal. Civ. Code § 1945). Defendants fraudulently inflated square footage from 1,548 sq. ft. to 1,848 sq. ft. using BOMA standards, imposed coercive deadlines, and issued retaliatory 30-day notices after Plaintiff's objections, violating due process without pre-deprivation hearing." *Id.* at 3. Plaintiff sought "immediate equitable relief to prevent irreparable harm from Defendants' retaliatory and fraudulent scheme to evict Plaintiff[.]" *Id.* at 2.

On January 7, 2026, the Court denied Plaintiff's motion for a TRO. ECF No. 7. The Court found Plaintiff "has not clearly shown that he is likely to prevail on the merits, nor

---

[1] On January 23, 2026, Plaintiff filed a notice of errata for the SAC. ECF No. 14. It is not relevant in the instant motion.

25-cv-3458-AGS-MMP

even raised serious questions on that score." ECF No. 7 at 2. Furthermore, the Court determined there is a "low probability of success" on the § 1983 and Americans with Disabilities Act claims, despite those being Plaintiff's "most well-articulated causes of action." *Id.* at 2–3. The Court found Plaintiff's remaining claims have serious deficiencies. *Id.* at 3. The Court summarized "[t]here is little in the record to suggest that this Court will even be able to hear these non-diverse claims, much less that [Plaintiff] is likely to win them." *Id.* The Court denied the TRO motion. *Id.*

On January 13, 2026, Plaintiff filed a motion for reconsideration of the Court's denial. ECF No. 9. Plaintiff argued reconsideration was warranted to "correct clear errors in the Court's assessment of likelihood of success on the merits." ECF No. 9 at 1. On January 16, 2026, Plaintiff filed a memorandum of points and authorities in support of his motion for reconsideration. ECF No. 12. The memorandum of points and authorities is based on "newly obtained expert evidence" which "document extensive Americans with Disabilities Act" and California Building Code violations. *Id.* at 1. Plaintiff argued the new evidence strengthened his "showing of irreparable harm, likelihood of success on the merits, and the balance of equities." *Id.* at 2.

The Court denied Plaintiff's motion for reconsideration on January 22, 2026. ECF No. 13.

**B.**     **Plaintiff Attempts to File a Third Amended Complaint**

On January 13, 2026, Plaintiff filed a Third Amended Complaint. ECF No. 10. The Court struck the Third Amended Complaint as Plaintiff has already amended "as a matter of course" under Rule 15 and "no further 'leave' has been requested or granted by the [C]ourt. *See* Fed. R. Civ. P. 15(a). " ECF No. 11.

**C.**     **The Instant Motion for Protective Order**

Plaintiff filed the instant motion for protective order on January 23, 2026. ECF No. 15. Plaintiff alleges Defendant—though he does not identify which one—has conducted "improper clandestine interviews" with Plaintiff's current employees and seeks a protective order to "prohibit such conduct." *Id.* at 1. Plaintiff alleges the "unauthorized ex

parte contacts seek information related to the subject matter of the litigation without notice to Plaintiff or Plaintiff's counsel, potentially eliciting privileged or confidential information, interfering with discovery processes, and risking witness intimidation or undue influence." *Id.* at 2. Therefore, Plaintiff requests the Court "order Defendant to immediately cease all direct or indirect contacts with Plaintiff's employees regarding this matter, except through formal discovery channels . . . ." *Id.*

## II.    LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "The burden is on the person seeking the protective order to demonstrate good cause." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020) (citation omitted). The moving party must show "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

## III.    ANALYSIS

The Court denies Plaintiff's motion for protective order for four primary reasons. First, Plaintiff names multiple defendants in the SAC, and it is unclear which "Defendant" Plaintiff's motion is aimed towards. Second, there is no evidence of proper service of the SAC or service on all seven defendants; therefore it is unclear if the Court has jurisdiction over the unspecified defendant. Third, only Defendant City of San Marcos has appeared in the action. Fourth, Plaintiff have not established good cause to warrant a protective order.

### A.    Plaintiff's Motion Does Not Specify Which Defendant

As a preliminary matter, nowhere in Plaintiff's motion for protective order does he identify the defendant by name. As Plaintiff has named seven defendants in the SAC, it is unclear to the Court which Defendant's conduct is allegedly at issue. As a result, the Court finds Plaintiff has failed to show good cause for a protective order.

### B.    Plaintiff Does Not Provide Evidence of Proper Service of the SAC

Proper service is a requirement for a federal court to have jurisdiction over a

25-cv-3458-AGS-MMP

defendant. "A federal court does not have jurisdiction over defendant unless the defendant has been properly served under Federal Rule of Civil Procedure 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). "Proper service of the summons is a prerequisite to a court's exercise of personal jurisdiction over a defendant." *In re. Pacific Land Sales, Inc.*, 187 B.R. 302, 309 (9th Cir. 1995) (citation omitted). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes et al.*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted).

Here, there is no indication the Court has jurisdiction over all defendants because no proof of service of the SAC has been filed. Although Plaintiff recently filed a Declaration of Service indicating the "Amended Complaint and Summons" had been been served on Defendants Square Foot Studios, 751 Rancheros Holdings LLC, Chucri Nabih El-Maasri, Firestone Builders, Inc., Vanguard Real Estate Services, and City of San Marcos, California, no proof of service has been filed for Defendant Joe El-Maasi. ECF No. 18. Furthermore, with the exception of City of San Marcos, who has filed a responsive pleading without disputing personal jursidiction, there is no indication "Defendant" has waived service requirements under Federal Rule of Civil Procedure 4(d). ECF No. 16. Plaintiff has not included a proof of service of the SAC, nor motion for TRO or related filings. ECF Nos. 5, 6, 9, 12. Therefore, it is unclear whether the Court has jurisdiction over the unspecified "Defendant" due to lack of service evidence. Without jurisdiction, the Court cannot compel a defendant (with the exception of City of San Marcos) to do *anything*.

### C.    Defendant Has Not Appeared in the Action

Plaintiff alleges Defendant is "proceeding pro se" and "has not retained counsel." ECF No. 15 at 2. Plaintiff names multiple defendants in the SAC and it is unclear which Defendant Plaintiff's allegations are aimed towards. Any entity defendants cannot proceed pro se. *See* CivLR 83.3(j) ("Appearances by Corporations. Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All

25-cv-3458-AGS-MMP

other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.").

### D. Plaintiff Does Not Establish Good Cause for a Protective Order

Plaintiff's substantive grounds for a protective order are unpersuasive. Plaintiff alleges "Defendant's actions circumvent formal discovery, risk breaching attorney-client privilege, and prejudice Plaintiffs ability to prepare its case." ECF No. 15 at 2–3. The Court reviews each issue in turn.

#### 1. Plaintiff has Not Established a Risk of Breach of Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.,* 968 F.3d 1107, 1116 (9th Cir. 2020) (citation omitted). "The lawyer–client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (quoting *Trammel v. United States*, 445 U.S. 40, 51 (1980)). The "party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (brackets and emphasis in original) (citation omitted).

Plaintiff has not shown a risk of attorney-client privilege breach to warrant a protective order. First, Plaintiff is proceeding pro se, and there is no indication he is an attorney or purports to bring claims on behalf of an entity or his employees. ECF No. 6 at 2. Rather, Plaintiff brought this case as an individual: "Plaintiff: William S. Kachele, Jr., DMD, San Marcos resident operating a dental practice." ECF No. 6 at 4. "This action challenges Defendants' scheme to deprive Plaintiff, a 40-year practicing dentist with a 21-year established practice . . . of his protected property interest" in a tenancy. *Id.* at 2. Therefore, Plaintiff has made no showing there is an "attorney-client relationship" or privileged communication at stake.

25-cv-3458-AGS-MMP

Plaintiff argues the "Ninth Circuit has prohibited ex parte contacts with former employees where privileged information is at risk, and this extends logically to current employees." ECF No. 15 at 4. However, as noted above, Plaintiff is not an attorney, Plaintiff does not argue any of his employees are attorneys, and Plaintiff has not provided evidence of any attorney-client relationship or privileged information at hand. Thus, this argument is inapplicable.

Plaintiff also cites *In re Coordinated Proceedings in Petroleum Products Antitrust Litigation*, 658 F.2d 1355, 1361 n.7 (9th Cir. 1981), for the proposition "ex parte contacts with former employees [are] barred if they possess privileged information" which extends to current employees. ECF No. 15 at 4. However, *Petroleum Products* discusses current and former employee communications with *attorneys*:

> Although *Upjohn* was specifically limited to current employees, 101 S.Ct. at 685, n.3, the same rationale applies to the ex-employees (and current employees) involved in this case. Former employees, as well as current employees, may possess the relevant information **needed by corporate counsel to advise the client with respect to actual or potential difficulties. Again, the attorney-client privilege is served by the certainty that conversations between the attorney and client will remain privileged after the employee leaves.** Although no findings were made, it is clear that at least some of the conversations referred to by the district court were made to counsel for the companies in order to secure legal advice for the company.

*Petroleum Products*, 658 F.2d at 1361 n.7 (internal citation omitted) (emphasis added). Plaintiff is a non-attorney representing himself pro se and has not represented his dental practice has counsel. Therefore, Plaintiff has not shown the existence of attorney-client privilege regarding employee communications.

### 2. Defendant is Entitled to Conduct a Factual Investigation

Finally, Plaintiff's allegation of "prejudice" in his "ability to prepare [his] case" is unsupported. Plaintiff has not shown the conduct of the unspecified "Defendant" was improper or warrants a protective order. An individual party is generally entitled to conduct a factual investigation into the case, including interview unrepresented persons. *See Wharton v. Calderon*, 127 F.3d 1201, 1204 (9th Cir. 1997) ([A] party's right to interview

witnesses is a valuable right."). *See also In re Bofl Holding, Inc. Securities Litigation*, 318 F.R.D. 129, 135 (S.D. Cal. 2016) (discussing the "legitimate needs of defendants to conduct investigations" to prepare their defense in context of witness interview). Plaintiff fails to establish good cause to warrant the Court barring an unspecified "Defendant" from conducting interviews with non-party employees.

## IV.     CONCLUSION

Plaintiff has not shown good cause for a protective order. Accordingly, the Court **DENIES** Plaintiff's motion for protective order.

**IT IS SO ORDERED**.

Dated:  January 28, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

25-cv-3458-AGS-MMP