

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM S. KACHELE, Jr.,

Plaintiff,

v.

JOE EL-MAASRI, et al.,

Defendants.

Case No.: 25-cv-3458-AGS-MMP

**ORDER DENYING MOTION TO PRODUCE CORE CREDENTIALS**

[ECF No. 26]

On February 23, 2026, pro se Plaintiff William S. Kachele, Jr. ("Plaintiff") filed an ex parte motion seeking production of "core credentials of authority to appear" for Attorney Michell Dean. ECF No. 26. Plaintiff states the "demand arises from counsel's appearance filed on behalf of Defendant City of San Marcos." *Id.* at 2. Defendant filed an opposition. ECF No. 56. Plaintiff did not file a reply. The Court found the motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** the motion.

Having reviewed Plaintiff's motion, the Court finds it necessary to address the merits of the requests directed at Attorney Dean. The Court liberally construes Plaintiff's motion as a motion for discovery under Federal Rule of Civil Procedure ("Rule") 26. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'")

1

(citation omitted). Under this liberal construction, and for efficiency,[1] the Court analyzes the requests themselves under Rule 26(b), despite Plaintiff's failure to meet and confer prior to filing a discovery-related motion and discovery not yet being open in this case. ECF No. 26 at 12. *See* Fed. R. Civ. P. 26(d)(1); Judge Pettit's Civil Chambers Rules X.A.

## IV.    LEGAL STANDARD

Rule 26(b)(1) establishes the scope of discovery as follows:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Discovery is generally not permitted until after the parties have conferred pursuant to Rule 26(f), which has not yet occurred in this case. *See* Fed. R. Civ. P. 26(d)(1). Courts assess a party's request for early discovery under the "good cause" standard discussed in *Semitool, Inc. v. Tokyo Electrom Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In addition to the relevance and proportionality factors under Rule 26(b)(1), for early discovery requests courts generally consider whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276; *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citation modified). The Court weighs the following non-exclusive factors in considering whether early discovery is appropriate: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 1067 (citation modified).

---

[1] The Court notes this motion is but one of three seeking the "core credential" information from each attorney representing a defendant in this case. *See* ECF Nos. 25, 26, 47.

## V.     ANALYSIS

Plaintiff seeks the following documents:

1. State Bar License and Certificate of Good Standing

2. Oath of Attorney

3. Proof of Admission to the Bar of the Southern District of California

4. Authorization to Represent the City of San Marcos

5. Scope of Representation of the City of San Marcos

6. Insurance Defense / Risk Pool Disclosure

7. Disclosure of Disciplinary History

ECF No. 26 at 7–10.

At the outset, the Court notes this discovery is procedurally improper for numerous reasons. First, the parties have not held the 26(f) conference. Therefore, in addition to showing showing relevance and proportionality, Plaintiff must also demonstrate good cause for expedited discovery. *See* Fed. R. Civ. P. 26(d)(1); *Semitool*, 208 F.R.D. at 276; *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066. Second, Plaintiff failed to meet and confer with Defendant prior to filing the discovery requests with the Court, as discussed in detail below, in violation of CivLR 26.1 and the undersigned's Chambers Rules. Third, the discovery requests are targeted at defense *counsel* rather than the Defendant itself. As defense *counsel* is not a party in the action, he is not subject to Rule 34; nor has Plaintiff shown counsel has any obligation to respond to the discovery requests in his personal capacity in this matter. The Court cautions Plaintiff regarding filing and serving papers regarding counsel, rather than Defendants in this action. No other filings directed to counsel seeking "core credentials" will be permitted. Plaintiff is further cautioned of his duty to avoid imposing an undue burden or expense on any non-party. *See* Fed. R. Civ. P. 45(d)(1).

Even if the Court reaches the merits in spite of the procedural issues of the requests, the result is the same—the discovery is improper under Rule 26(b)(1), and the motion is denied.

//

25-cv-3458-AGS-MMP

**A.** **Discovery Requested in Requests 1–3 and 7 is Publicly Accessible, Not Relevant, and Not Proportional**

All discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), the parties' "relative access to relevant information" is a proportionality factor for discovery. Here, in Requests 1-3 and 7, Plaintiff requests defense counsel's state licensure, attorney oath, proof of admission to the Southern District of California, and disclosure of disciplinary history. Plaintiff fails to establish the relevancy or proportionality of this material. The Court **DENIES** each request.

First, Plaintiff fails to establish the relevance of the information sought to his claims or Defendant's defenses. To the contrary, Plaintiff seeks the same information—State Bar License and Certificate of Good Standing, Oath of Attorney, Proof of Admission to Bar of the Southern District of California, and a Disciplinary History Disclosure—from each attorney of record appearing in the case for Defendants. ECF Nos. 25 at 10–14; 26 at 7–10; 47 at 18–19. These duplicative, generic requests suggest Plaintiff's purpose is to harass counsel simply for appearing on behalf of a defendant in this action; thus, the requests are harassing rather than seeking information regarding Plaintiff's claims or Defendant's defenses. The Court will not tolerate further improper discovery intended to harass rather than for a proper purpose under the scope of Rule 26(b)(1).

Second, Plaintiff's access to publicly available information weighs against his discovery requests. The State Bar of California provides public access to lookup a California Attorney(s) Bar Number, License Status, Disciplinary, and Administrative History on its website.[2] As this information is easily accessible to Plaintiff, the Court finds the discovery request is not proportional to the needs of the case and thus improper.

Third, Request 2 seeking production of defense counsel's Oath of Attorney is

---

[2] https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch

25-cv-3458-AGS-MMP

improper for numerous reasons. The Oath of Attorney is mandatory for admission to practice law in California; therefore information about defense counsel's State Bar License covers the attorney oath request. *See State Bar of California,* Attorney's Oath, https://www.calbar.ca.gov/admissions/examinations/california-bar-examination/attorneys-oath ("Taking the attorney's oath is not just a ritual. It is required for admission to practice law in California pursuant to California Business and Professions Code section 6067."). As Defendant correctly argues, there is no requirement to provide "oath compliance" statutorily or precedentially. ECF No. 56 at 5–6. Nor is the caselaw Plaintiff cites persuasive. *Ramirez v. State Bar*, cited by Plaintiff to support his proposition, is factually distinct. 28 Cal.3d 402, 411 (1980). In *Ramirez*, the Court held false statements made with reckless disregard for truth that are not protected speech can be the basis of attorney discipline. *Id.* The Court has not made any findings regarding false statements by defense counsel in this matter; nor are there currently *any* analogous facts at hand before the Court. Simply put, defense counsel is under no obligation to produce any evidence of his attorney oath.

Fourth, regarding Request 3, the Southern District of California provides public access to information regarding active attorney bar members on its website.[3] Thus, Plaintiff has public access to defense counsel's Southern District of California Bar Membership.

Therefore, the Court finds Requests 1-3 and 7 seek information neither relevant nor proportional to the case, particularly as the information sought is publicly available information. Plaintiff has access to the requested information. Furthermore, Request 2, the Oath of Attorney, is subsumed by Plaintiff's related requests for Attorney Dean's Bar Information and is facially improper. The Court **DENIES** Requests 1-3 and 7 due to relative access by Plaintiff and failure to meet the relevance hurdle in Rule 26(b)(1).

//

---

[3] https://www.casd.uscourts.gov/attorney/MemberSearch.aspx

25-cv-3458-AGS-MMP

## B.    Requests 4–5 Seek Privileged Information

Discovery is limited to "nonprivileged" matters. Fed. R. Civ. P. 26(b)(1). Plaintiff requests the scope of defense counsel's law firm's representation of Defendant City of San Marcos, including the "engagement letter." ECF No. 26 at 8–9.

The scope of defense counsel's representation of Defendant City of San Marcos is not at issue before the Court.[4] Furthermore, engagement letters and the scope of attorney-client representation can be privileged and therefore undiscoverable. *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) (Client motive for litigation or attorney retention is privileged); *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.") (citation omitted)). Plaintiff requests the scope of representation in part to identify "whether the representation extends to this federal civil rights action" and "the related state court unlawful detainer action." ECF No. 26 at 9. This request (a) goes beyond the relevant scope of this federal action and (b) seeks client motive and strategy as to the two proceedings. Neither is permissible as both breach attorney-client privilege.

Finally, even if attorney-client privilege was not a barrier to Plaintiff's request, the Court would still deny the requests because Plaintiff fails to show how the engagement letter is relevant to the ongoing proceedings. Nor do the requests seek information proportional to the needs of the case. The requests do not meet the Rule 26(b)(1) hurdle.

## C.    Request 6 is Premature

Plaintiff requests the "(a) the identity of the insurer or risk pool; (b) the policy or coverage agreement under which counsel was retained; (c) any reservation of rights letter; and (d) any coverage dispute or declination." *Id.* Plaintiff cites Rule 26(a)(1)(A)(iv) for the

---

[4] Attorney Dean filed a Notice of Appearance on behalf of the City of San Marcos, California. ECF No. 57.

25-cv-3458-AGS-MMP

proposition "mandatory initial disclosures include insurance agreements." *Id.* However, Rule 26 does not help Plaintiff's argument at this juncture.

Rather, Rule 26(a)(1)(A)(iv) requires "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Rule 26 initial disclosures have temporal restrictions:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.

Fed. R. Civ. P. 26(a)(1)(C).

Here, the Rule 26(f) conference has not yet occured. Therefore, Defendant is not obligated to produce any initial disclosures information at this time. Plaintiff also cites CivLR 26.1 which covers Deposition and Discovery. CivLR 26.1(a) specifies the Court "will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." CivLR 26.1(a). Despite citing to the CivLR 26.1(a), Plaintiff did not heed its requirements, as Plaintiff failed to present evidence of a meet and confer with Defendant prior to the filing of his motion. No other portion of CivLR 26.1 is relevant to Plaintiff's request for insurance-related discovery.

Nor has Plaintiff met the "good cause" standard required for early discovery on Request 6 nor any other Request. *Semitool*, 208 F.R.D. at 276. In sum, the information requested is premature given the procedural posture of the case.

## VI.    CONCLUSION AND ORDER

For the reasons stated above, the Court finds Plaintiff's discovery Requests 1-5 and 7 are outside the scope of Rule 26(b). Plaintiff's Request 6 is premature and its subject matter may be raised during initial disclosures. Accordingly, the Court **DENIES** the motion.

**IT IS FURTHER ORDERED:**

1.      Plaintiff's requests are improperly directed at defense counsel rather than a Defendant. No other filings seeking core credentials directed to defense counsel will be permitted.

2.      Unless the Court orders otherwise, requests for admission, "interrogatories, requests for production and the answers thereto need not be filed unless and until they are used in the proceedings." CivLR 33.1, 36.1. **Absent specific leave of court, no further discovery requests shall be filed on the docket.**

3.      The Court reminds the parties that discovery is generally not available until after the Rule 26(f) conference and any early discovery requires leave of court.

4.      The Court highlights Plaintiff's requirement to comply with Rule 11 regarding not putting forward "a pleading, written motion, or other paper" which is presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

**IT IS SO ORDERED**.

Dated:  April 10, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

25-cv-3458-AGS-MMP