UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

William S. KACHELE, Jr.,

Plaintiff,

v.

Jo EL-MAASRI, et al.,

Defendants.

Case No.:  25-cv-3458-AGS-MMP

**ORDER GRANTING MOTION FOR TO STRIKE (ECF 14) AND GRANTING LEAVE TO AMEND**

Self-represented plaintiff William Kachele, Jr., has filed four complaints in this case so far: the original complaint, an amended complaint, a second amended complaint, and a third amended complaint. (*See* ECF 1, 3, 6, 10.) The Court *sua sponte* struck the third amended complaint because Kachele "already amended as a matter of course under Rule 15, and no further leave has been requested or granted by the court." (ECF 11, at 1.) Defendants now request that the second amended complaint also be stricken for the same reason: Kachele had already filed an amended complaint, and he did not request or receive leave of court or agreement of the parties. (*See* ECF 14.) And defendants are correct. *See* Fed. R. Civ. P. 15(a) (allowing a party may "amend its pleading once as a matter of course" and then, after that, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); *see also Hayes v. Idaho Corr. Ctr.*, 812 F. App'x 568, 569 (9th Cir. 2020) ("The district court did not abuse its discretion by striking Hayes's third amended complaint because Hayes did not seek and obtain leave of court to file an amended complaint as required by Federal Rule of Civil Procedure 15(a)(2).").

In his opposition, Kachele purports to cite a raft of cases standing for the proposition that this simple application of Rule 15 is inappropriate. (*See* ECF 20, *passim*.) He later withdrew those citations, however, admitting he "used a generative artificial-intelligence tool in the preparation of the Opposition and did not independently verify the resulting citations against official reporters before filing." (ECF 75, at 2.) "Plaintiff therefore does

1

25-cv-3458-AGS-MMP

not oppose the Court's exercise of its authority to strike the SAC on procedural grounds." (*Id.* at 4.)

So, the Court strikes the second amended complaint. That leaves only the question of what to do next. Despite these missteps and the Court's misgivings about the potential merits of this case (*see* ECF 7), the Court recognizes the difficulties faced by unrepresented litigants in legal proceedings. The Court also acknowledges and appreciates Kachele's candor, apology, and promise to do better. (*See id.* at 2 ("That was an error. Plaintiff takes full responsibility for it. He apologizes to the Court, to opposing counsel, and to the parties for the burden the unverified citations have imposed. . . . Plaintiff further commits, on the record, that all future filings in this action will be prepared under a strict legal-accuracy protocol that requires independent verification of every authority against official sources before submission.").) And, of course, "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (cleaned up).

In light of the above, the Court orders the following:

1. The motion to strike the improperly filed second amended complaint is granted.

2. Given Kachele's unrepresented status, the Court grants Kachele leave to amend his complaint one final time by **June 30, 2026**. In doing so, Kachele should consider the problems this Court identified in its orders denying his emergency injunctive relief motion and reconsideration request. (*See* ECF 7 & 13.) The fourth amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

Dated:  May 22, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

25-cv-3458-AGS-MMP

3